**Marc PERRY, Plaintiff,**

v.

**S.Z. RESTAURANT CORPORATION, Defendant.**

**No. 95 Civ. 5424(RO).**

United States District Court, S.D. New York.

March 25, 1999.

Seth J. Farber, Robert J. Barsch, New York City, for plaintiff.

Dienst & Serrins, New York City, Robert W. Ottinger, for defendant S.Z. Restaurant Corporation.

## MEMORANDUM AND ORDER

OWEN, District Judge.

After a three-day trial on plaintiff Marc Perry's race discrimination suit under 42 U.S.C. § 1981, on January 21, 1999, the jury returned a verdict in favor of the defendant, S.Z. Restaurant Corporation, a Burger King restaurant franchisee. The jury found that the Burger King franchise located at West 110th Street and Broadway in Manhattan had not denied Perry access to its bathroom on account of his race, as plaintiff had claimed—notwithstanding his admission under oath at the trial that the bathrooms had "Out of Order" signs and that a chain had been passed across the stairs leading to them. Defendant, who has insisted throughout this litigation that Perry was denied access to the restrooms because they were out of order and provided a plumbing repair company's receipt to bolster this claim, now requests an award of attorneys' fees against the plaintiff under 42 U.S.C. § 1988, and sanctions against plaintiff's counsel under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent powers.

*42 U.S.C. § 1988*

Section 1988 provides that: "[i]n any action or proceeding to enforce a provision of section 1981 ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The Second Circuit has held that for a prevailing defendant to be entitled to attorney's fees, the court must find that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d

Cir.1986). Defendant contends that Perry's claim was patently frivolous because plaintiff:

> offered no evidence to support this cause of action other than his own account of the events. The plaintiff's own testimony actually militated against a finding of discrimination because he admitted that he had used the restrooms on other occasions when the restrooms were not chained off and posted as out of order.

Letter to the Court from Robert Ottinger dated January 28, 1999 ("Ottinger Let.").

Plaintiff, on the other hand, asserts that his case is not frivolous as a matter of law because it survived two summary judgment motions and because this Court did not grant S.Z.'s motion for a directed verdict or dismiss plaintiff's case at the close of evidence. However, summary judgment was denied based solely on plaintiff's own affidavit. It is true, as plaintiff contends, that Perry could theoretically make out a prima facie case of discrimination even if the only thing he relied upon for evidence was his own testimony. *See Perry v. S.Z. Restaurant Corp.*, No. 95 CIV 5424, 1998 WL 778394 (S.D.N.Y. Nov.6, 1998). At trial, it became apparent that much of Perry's testimony was not credible and that key facts had been left out of Perry's affidavit on the summary judgment motions. For example, Perry's affidavit never mentions the chain across the stairs as to which he had testified at his deposition. Also, the summary judgment denials were based, at least in part, upon plaintiff's statement that a Hispanic female [1] and her two children were also denied access to the restrooms.[2] However, at trial, Perry testified that he knew this woman had gone around the corner with her two children and used the restrooms at the Dynasty Chinese Restaurant.[3] The owner of the Dynasty Restaurant testified at trial that, at the request of Burger King's management, he had consented to this as a result of Burger King's emergency.

I am not without sympathy for Mr. Perry. Evidence at the trial showed that he has a documented history of substance abuse and disturbing psychological problems. However, his claim that he was not able to use the restrooms in the Burger King restaurant because he is black was patently frivolous. Perry's own *trial testimony* that: 1) he saw the chain in front of the stairs to the restrooms; 2) he saw the out-of-order signs posted on the restrooms; 3) he had used the restrooms in the past; and 4) that he knew another minority customer of the Burger King went around the corner and used the restrooms at a nearby Chinese restaurant, all tended to prove that he was denied use of the bathrooms because they were out of order, not because of his race. The only thing going for plaintiff's case was his own inherently contradictory testimony, much of which supported defendant's position. Thus, in the face of overwhelming documentary and testimonial evidence to the contrary, and in light of these facts, commencement of this federal civil rights suit constituted an abused of legal remedy. This kind of misuse of the federal courts is to be strongly discouraged.

Accordingly, I assess attorneys' fees and costs against plaintiff pursuant to 42 U.S.C. § 1988.

*Rule 11*

 Rule 11 of the Federal Rules of Civil Procedure provides that: "Every pleading, motion, and other paper shall be signed by an attorney." By signing such papers, the attorney is representing to the court that, to the best of his knowledge, information and belief, "formed after an inquiry reasonable under the circum-

---

1. Perry described her at trial as a "Spanish lady" with whom he was sitting.

2. Plaintiff's Affidavit in Opposition to Defendant's Motion for Summary Judgment, ¶¶ 6, 7.

3. Had this admission been made know to the Court as part of the summary judgment motion, plaintiff might not have prevailed.

stances, . . . the allegations and other factual contentions have evidentiary support." Fed.R.Civ.Proc. 11. From this language, it follows that an attorney who files a frivolous lawsuit can be sanctioned. Under the law of this circuit, the standard to be used in determining whether a claim is frivolous is an objective one. *See Caisse Nationale de Credit Agricole—CNCA v. Valcorp*, 28 F.3d 259, 264 (2d Cir.1994). In other words, "Rule 11 targets situations where it is patently clear that a claim has absolutely no chance of success." *Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611, 626 (2d Cir.1991) (citations omitted).

■ In the case at bar, "an inquiry reasonable under the circumstances" into the factual allegations underlying the claims set forth in the Amended Complaint, dated May 10, 1996 and signed by plaintiff's counsel, would have made it "patently clear" that the claims had absolutely no chance of success. At trial, when Perry testified that he knew another minority customer used the restroom at a nearby Chinese restaurant, plaintiff's counsel professed to be learning of these facts for the first time. Even accepting this, it does not excuse plaintiff's counsel. Indeed, these sorts of facts would have emerged in a "reasonable" inquiry of Mr. Perry prior to bringing suit. If counsel was indeed learning of these facts for the first time at trial, rather than excusing them, the contrary inference of the absence of a reasonable inquiry mandated by Rule 11 appears. This is particularly so viewed against the plumbing receipts, the police testimony, and their own plaintiff's statement in his deposition that there was a chain across the stairs leading to the bathrooms and "out-of-order" signs on the doors. Had counsel conducted this inquiry, could they have reasonably concluded that Mr. Perry's claim—supported only by his own testimony that white patrons were going around the chain and through the bath-

room doors and controverted by plaintiff's admission that he had used these very bathrooms on several prior occasions—had any objective chance of success? Suit should not have been brought if these things had been learned at the outset,[4] or it should have been dropped if they were learned later in the process. Even if counsel's initial interview with their client *might* have suggested a good faith basis for filing this suit, defendants' proffer of plumbing receipts and all the above information revealed in motions would have prompted an objectively reasonable attorney to make a more thorough examination of his client.

Accordingly, for the filing of the Amended Complaint in this case, or certainly for maintaining the action after the undisputed facts became clear, I impose a sanction against Robert J. Barsch and Seth J. Farber in the amount of $2,500.00.

*28 U.S.C. § 1927*

■ 28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The purpose of § 1927 is "to deter unnecessary delays in litigation." *Bowler v. I.N.S.*, 901 F.Supp. 597, 604 (S.D.N.Y.1995). Since the problem here is not one of dilatory tactics on the part of plaintiff's counsel. I decline to impose sanctions under 28 U.S.C. § 1927.

*Inherent Power*

■ A court "may impose attorney's fees under its inherent powers as a penalty for misconduct during the course of litigation. [The Second] Circuit has character-

---

**4.** Defendants further accuse plaintiff's counsel of "creating" expert testimony by proffering at the trial the testimony of Dr. Lilian Colon, a psychologist who began treating the plaintiff only after the inception of this lawsuit and who was neither provided with the plaintiff's medical records nor apprised of his substance abuse history.

ized this exercise of power as the 'bad faith exception to the American Rule.'" *Milltex Industries Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 37–38 (2d Cir.1995) (citations omitted). Such sanctions are appropriate only where the challenged actions are "(1) entirely without color and (2) motivated by improper purposes such as harassment or delay." *Id.* at 38. I have already awarded attorneys' fees on the basis of Rule 11, so I decline to exercise my inherent powers.

For the reasons set forth above, defendant's motions for sanctions under 28 U.S.C. § 1927 and the court's inherent powers are denied, but defendant's motions for attorney's fees under 42 U.S.C. § 1988 and for sanctions under Rule 11 are granted. Attorney's fees are to be paid by Marc Perry to S.Z. Restaurant.[5] Defendant should submit an application for attorneys' fees with appropriate documentation and if plaintiff objects, a hearing will be held to determine the amount of attorneys' fees. Furthermore, a sanction in the amount of $2,500.00 is imposed on Robert J. Barsch, Esq. and Seth J. Farber, Esq., to be paid to S.Z. Restaurant. While the courts are open to all without question at the filing window, more good faith awareness was required here before causing the foreseeably unjustified misuse—or abuse, after the picture had become clear—of the time and resources of the court, the citizens who gave up their time (and perhaps income) to serve on the jury, as well as the unwarranted expense to defend imposed on innocent performers of a commercial service.

The foregoing is so ordered.

---

**5.** This assumes that S.Z. has paid its counsel for their services.